INHABITANTS OF CAPE ELIZABETH

*vs.*

GEORGE H. LOMBARD.

Cumberland.   Opinion July 30, 1881.

*Insane person — support of, action for.   Evidence.*

Any town which has been made chargeable, and has paid, for the commitment and support of an insane person at the insane hospital, may recover the amount paid of the insane person if able. In such an action, upon a hearing in damages, evidence of the ability of the defendant is inadmissible to reduce the amount to be recovered below the amount actually paid. If he is not able to pay the whole amount, he is not liable to pay any portion of it.

ON EXCEPTIONS.

Assumpsit to recover the amount paid by the town for the support, &c. of the defendant in the insane hospital.

At a hearing upon the question of damages, the defendant offered evidence of the financial ability of the defendant to pay

the amount sued for. The presiding justice ruled as a matter of law that such question was not open to the defendant, and the defendant alleged exceptions.

*N. and H. B. Cleaves*, for the plaintiffs.

*John J. Perry*, for the defendant.

WALTON, J. Any town, which has been made chargeable, and has paid, for the commitment and support of an insane person at the insane hospital, may recover the amount paid of the insane person, "if able." Such is the language of the statute. R. S., c. 143, § 20. The question is whether, if he is not able to pay the whole, he can be required to pay a part of the expenses thus incurred, so that, upon a hearing in damages, evidence of his ability is admissible to reduce the amount to be recovered below the amount actually paid. We think not. A similar question was before the court in an action to recover the expenses incurred in taking care of a person sick with the small pox, and the court held that if the person taken care of was not able to pay the whole amount, he was not liable to pay any portion of it. *Orono* v. *Peavey*, 66 Maine, 60. The two statutes, in this particular, are precisely alike, and must, we think, receive the same interpretation. The evidence offered was properly excluded.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.